*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-101

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| Victor Chaumont | } | APPEALED FROM: |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| Department of Labor | } | |
| (The Vermont Teddy Bear Co., Inc., | } | |
| Employer) | } | DOCKET NO. 12-13-012-20 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of his request for unemployment compensation benefits. We reverse and remand for additional findings.

Claimant worked as the creative director for employer Vermont Teddy Bear Company, Inc., for six years. He resigned his position in August 2013. In October 2013, he filed a claim for unemployment benefits. A claims adjudicator denied his request, finding that claimant left his employment voluntarily without good cause attributable to his employer. Claimant appealed this decision to an administrative law judge (ALJ), who affirmed the claims adjudicator's decision.

The ALJ found as follows. In January 2013, claimant's employer hired a new CEO whose vision of the company was leading to organizational changes. Claimant's job duties were being changed somewhat, and claimant decided that he would not be able to handle some of the new duties. After two meetings with his supervisor, which occurred with a human resources employee present, claimant concluded that employer was setting him up to be fired, and he gave his resignation notice.

Based on these findings, the ALJ concluded that claimant was disqualified for benefits because he left his employment voluntarily without good cause attributable to his employer. 21 V.S.A. § 1344(a)(2)(A). The ALJ reasoned that while there may have been some changes made to claimant's job description, claimant failed to show that employer was making an actual unilateral material alteration in the hiring agreement. The ALJ added that quitting in anticipation of a possible future negative employment action, such as being fired, similarly did not constitute good cause. While claimant's decision to quit may have been a good personal decision, the ALJ continued, claimant did not show that he had good cause attributable to his employer for preferring unemployment over continued employment. The Employment Security Board adopted the ALJ's findings and conclusions and sustained her decision. This appeal followed.

Claimant argues on appeal that he left his employment because his duties were being expanded to matters beyond the scope of his knowledge and expertise, and thus, claimant explains that, as part of its restructuring effort, employer presented him with three options: (1) accept new duties and responsibilities; (2) create a new position for himself within the company, which would require him to eliminate the jobs of two other people at the company; or (3) resign. The new duties included copywriting and managing the brand, duties that had previously been performed by the Vice President of Brand Management and the Brand Manager, both of whom had resigned. Claimant states that he did not have any expertise in these areas and that employer did not propose to train him for these duties. According to claimant, employer informed claimant that if he chose the first option, he was expected to assume his new duties immediately. Claimant describes the problems that arose in his attempt to accept the new duties and responsibilities, including the fact that he suffered a work-related injury during this time. Claimant explains that he informed his employer that he did not have the expertise to perform the jobs that were immediately expected of him and that without training or further support, he could not perform them at all. Claimant argues that, in resigning, he acted as any reasonable person would have done under the same circumstances.

As stated above, claimant needed to show "a sufficient reason to justify the quit, and that the reason [is] attributable to the employing unit." Allen v. Dep't of Emp't & Training, 159 Vt. 286, 289 (1992) (citations and quotation omitted). "In determining what constitutes 'good cause,' we must review each case according to a standard of reasonableness—i.e., what a reasonable person would have done in the same circumstances." Isabelle v. Dep't of Emp't & Training, 150 Vt. 458, 460 (1988). A claimant's resignation may be a reasonable response to a substantial change in working conditions. See id. (so holding); see also Murray v. Rutledge, 327 S.E.2d 403, 406-07 (W. Va. 1985) (recognizing that "substantial unilateral changes in the terms of employment," including substantial qualitative changes in types of duties performed, provide good cause for resigning attributable to employer).

We conclude that the Board failed to make sufficient findings to support its decision. The Board concluded that claimant failed to show that employer was making "an actual unilateral material alteration in the hiring agreement." It did not explain how it reached this conclusion. Its only finding on this point is that "claimant's job duties were being changed somewhat and he decided he would not be able to handle some of the new duties." The Board did not make any findings as to the precise changes employer proposed to make and why these changes were not substantial given the work claimant had been performing up to that date; it did not make any findings as to whether claimant had the training or background to perform the new duties, which had previously been performed by two other employees. It did not assess whether it was reasonable for claimant to quit given the proposed changes to his employment responsibilities and the likelihood he would be able to perform them. We note that the question of whether claimant quit in anticipation of being fired is distinct from these issues, although it is relevant whether the employer was setting up claimant for failure. Because the Board's findings are insufficient to support its decision, we reverse and remand for additional findings. See Hamilton v. Dep't of Emp't Sec., 139 Vt. 326, 328 (1981) (recognizing that "the conclusions of the Board must be supported by the findings of fact"); see also Saufroy v. Town of Danville, 148

2

Vt. 624, 626 (1987) (reversal appropriate where findings are inadequate, and this Court is required to speculate as to how decision was reached).

      <u>Reversed and remanded</u>.

                             BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice